# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA, :
:
v. : CRIMINAL CASE NO.:
: 1:12-CR-115-SCJ
MARK YOUNG, :
:
Defendant. :

## ORDER

This matter appears before the Court for consideration of the magistrate judge's January 9, 2013 Report and Recommendation ("R&R") [Doc. No. 89], in which The Honorable Linda T. Walker, United States Magistrate Judge, recommended that the Defendant's Motion to Suppress Statements [Doc. No. 45] be denied and that the statements at issue be admitted.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(2), and the Court's permission, through its courtroom deputy, the Defendant timely filed an objection. Doc. No. 92. In his objection, Defendant argued that it was error for the magistrate to conclude that there were no coercive tactics used by the police to induce Defendant's second statement to the police.[1] Doc. No. 92, p. 4. Defendant

---

[1] As noted by the magistrate, "Defendant provided statements when he was arrested at Cumberland Mall and after he was transported to his residence. Defendant is not seeking to suppress the statements provided before, during, or after his arrest at Cumberland Mall. Instead, Defendant is seeking to suppress statements provided after he was transported and questioned at his residence by Special Agent McLeod." Doc. No. 89, p. 7, n. 3.

specifically argues that his second statement was involuntary based upon a combination of the following factors, which wore down his will: an excessive delay of presenting him to a magistrate following Defendant's arrest, his medical condition (of hereditary cirrhosis of the liver), and the "unusual tactic" of interrogating him at the home of his parents. Id. at pp. 4 - 5.

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation." United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam).[2] The Court has read the transcript of the hearing in the case *sub judice* and will address the Defendant's objections as follows.

---

[2]See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

AO 72A
(Rev.8/82)

After reviewing the transcript, the Court concludes that the magistrate's findings of fact are consistent with the transcript. The magistrate's findings are not unbelievable so as to warrant non-acceptance of those findings. See Ramirez–Chilel, 289 F.3d at 749.³ As to the Defendant's objections, alleging involuntariness of his statements based upon coercive tactics by the police, after *de novo* review, the Court accepts and adopts the findings and recommendation of the magistrate. The Court finds that there were no coercive tactics used by the officers or agents at either the mall or Defendant's residence to badger him into uttering inculpatory statements. Cf. J.D.B. v. North Carolina, --- U.S. ---, 131 S.Ct. 2394, 2402 (2011) (indicating that Miranda warnings protect the individual against the coercive nature of custodial interrogation). In addition, the Defendant does not claim that police threatened or injured him during the questioning or that he was in any way fearful. Berghuis v. Thompkins, --- U.S. ---, 130 S.Ct. 2250, 2263 (2010) (declining to find that a statement was coerced where defendant did "not claim that police threatened or injured him during the interrogation or that he was in any way fearful."). The Court further finds, after considering the totality of the circumstances, that the Defendant

---

³See also United States v. Powell, 628 F.3d 1254, 1257 (11th Cir. 2010) (holding that a district judge may not reject a magistrate judge's credibility determination without first re-hearing the disputed testimony) and United States v. Dorvilus, 357 F. App'x 239, 244 (11th Cir. 2009) (citing United States v. Raddatz, 447 U.S. 667, 674–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)) (holding that a district judge, however, "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings.").

3

voluntarily, knowingly, and intelligently provided statements to arresting officers and agents. Lastly, the Court rejects Defendant's contention that his presentment to a court or police precinct for booking was unreasonably and unnecessarily delayed. The Court finds that the statements at issue occurred within six hours of Defendant's arrest and accordingly, were within the six-hour safe harbor provision of 18 U.S.C. § 3501(c).

## CONCLUSION

The Report and Recommendation ("R&R") [Doc. No. 89] is hereby **ADOPTED** as the order of the court.

The Defendant's objections to said Report and Recommendation [Doc. No. 92] are hereby **OVERRULED**.

The Defendant's Motion to Suppress Statements [Doc. No. 45] is hereby **DENIED**.

**IT IS SO ORDERED**, this 4th day of February, 2013.

s/Steve C. Jones<br>
HONORABLE STEVE C. JONES<br>
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)